**Clarence Wayne COCKRELL, Petitioner,**

**v.**

**Ray PAGE, Warden, and the State of Oklahoma, Respondents.**

**No. A–14284.**

Court of Criminal Appeals of Oklahoma.

Sept. 6, 1967.

Clarence Wayne Cockrell, pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

BRETT, Judge.

Clarence Wayne Cockrell, an inmate of the state penitentiary at McAlester, has filed a petition, seeking a writ of habeas corpus from this Court directing his release from such imprisonment.

Petitioner files his petition without the aid of counsel. He alleges that his constitutional rights have been violated, in that he was, on or about February 16, 1967 arrested by the authorities of Bryan County, Oklahoma, and charged in two cases with the crime of "Bringing stolen domestic animals into the State of Oklahoma."

To these charges the petitioner, on March 8, 1967, entered pleas of guilty, and was

sentenced to serve five years in the state penitentiary in each of the two cases, the sentences to run concurrently.

Petitioner's only contention is that the district court of Bryan County was without jurisdiction to sentence him, for the reason that the crime for which he was convicted in the two cases "was supposed to have been committed in the State of Texas, * * * and the State of Oklahoma definitely did not have jurisdiction to try your petitioner."

 Title 21 O.S.A. § 1715 clearly confers venue jurisdiction upon the Oklahoma courts. This section of the statute provides:

"Every person who steals the property of another in any other State or country, and brings the same into this State may be convicted and punished in the same manner as if such larceny had been committed in this State; and such larceny may be charged to have been committed in any town or city into or through which such stolen property has been brought."

This statute has been brought down from 1890, and has been the law since that time. In the early case of Barclay v. United States, 11 Okl. 503, 69 P. 798, the Supreme Court held:

"If property is taken and appropriated in a foreign state or country under such circumstances as would constitute larceny in this territory if the act had been consummated here, and the property is brought into this territory by the thief, the crime is the same as larceny of such property within this territory; and the question of the larceny in such foreign place is to be determined by the laws of this territory, and not by the laws of the place where the property was originally stolen."

And see also Bivins v. State, 6 Okl.Cr. 521, 120 P. 1033.

The petition for writ of habeas corpus is dismissed.

NIX, P. J., and BUSSEY, J., concur.